UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**ROBERT J. MORANI**
**436 Meridan Street**
**East Boston, MA. 02128**

       **Plaintiff,**

   **v.**

**NATIONAL RAILROAD PASSENGER**
**CORPORATION, d/b/a & a/k/a AMTRAK**
**253 Summer Street**
**Boston, MA 02116**

       **Defendant.**

**04 11729 DPW**

CIVIL ACTION NO.

RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE 8/5/04

## COMPLAINT AND JURY DEMAND

COMES NOW the plaintiff, Robert J. Morani, by and through his undersigned counsel, and claims of the defendant, National Railroad Passenger Corporation ("AMTRAK") in an amount in excess of the statutory arbitration limits and avers the following:

1.    Plaintiff, Robert J. Morani, is an adult individual residing in East Boston, Massachusetts.

2.    Defendant, AMTRAK, is and was at all times material hereto a corporation duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and

between various and several states of the United States and doing business in the City of Boston, MA.

3.    Plaintiff, Robert J. Morani, was employed by defendant, National Railroad Passenger Corporation from 1987 until January 13, 2003 at the Reedville Yard in Hyde Park, Massachusetts.

4.    This action is brought pursuant to the provisions of the Federal Employers' liability Act, 45 S.S.C. §§51 et seq. and the Boiler Inspection Act, 45 U.S.C. §§ 22 et seq. and the Safety Appliance Act 45 U.S.C. §§ 1 et seq.

5.    While employed by the defendant and while acting within the course and scope of his employment and at the direction and insistence of his employers, the plaintiff continually handled and threw improper, defective and improperly maintained switches in various railroad yards owned, operated and/or maintained by the defendant.

6.    In or about December 2001, plaintiff began suffering pain and weakness in his left leg.

7.    On or about March 4, 2002, plaintiff was diagnosed as suffering left leg pain, numbness and weakness consistent with L5-S1 radiculopathy which was attributed to plaintiff's heavy work as a railroad worker.

8.    The defendant was negligent, grossly negligent, careless, reckless and/or acted unlawfully, in allowing the plaintiff to be continually exposed to improperly defective and improperly maintained switches

and such negligence was the proximate cause of his injuries and damages which are the subject of this lawsuit.

9.    The negligent, grossly negligent, careless, reckless and/or unlawful conduct of the defendants, by and through their agents, servants, workers, and/or employees, consisted of, but is not limited to the following:

(a)    failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide plaintiff with a work area free of hazards and unsafe conditions;

(b)    failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to maintain the subject yards and/or switches in a reasonably safe condition;

(c)    failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of dangerous conditions;

(d)    failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of improper and/or defective switches that were too low to the ground gravel on the main line;

(e)     failing to warn plaintiff of the unreasonably dangerous conditions and/or hazardous condition of the work area, including but not limited to the subject yards and/or switches, which were made unsafe due to the presence of dangerous conditions;

(f)     failing to provide plaintiff with safe equipment, free of hazards and defects;

(g)     failing to properly maintain, inspect and/or repair the subject yards and/or switches, to ensure that same were reasonably safe to use and free from defects;

(h)     failing to comply with governmental and/or other applicable safety regulations concerning the safety of the work area  particularly as they pertain to maintaining work areas free from switch hazards;

(i)     failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous condition involving the subject yards and/or switches, as more fully described above;

(j)     failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the work area, particularly the dangerous condition of the subject switches,  as described above; and

(k)     failing to provide proper and safe equipment and/or tools for plaintiff to properly and safely perform his job duties.

12.    As a direct and proximate result of the defendant's negligence in exposing the plaintiff to the continued exposure to the heavy switches plaintiff developed left leg pain, weakness, drop foot and back pain,

underwent great physical pain and mental anguish, was obligated to spend various sums of money in an effort to treat his pain, sustained a loss of earnings and will continue to suffer into the future.

13.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

14.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

15.    The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant Amtrak, its agents, servants and employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff, Robert J. Morani demands judgment in his favor and against defendant, in an amount in excess of the statutory arbitration limits as compensatory damages together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

Dated:

BARISH LAW OFFICES, P.C.

Samuel J. Rosenthal, Esq.
1601 Cherry Street, Suite 1320
Three Parkway
Philadelphia, PA 19102

## VERIFICATION

Robert J. Morani hereby states that he is the Plaintiff herein and verifies that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Date: 7-19-04

ROBERT J. MORANI

ROBERT J. MORANI,

By His Attorneys,

DAVIDS & SCHLESINGER, P.C.

Ronald M. Davids
40 Washington Street – Suite 250
Wellesley, MA  02481
(781) 416-5055
BBO No.: 115110

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) __Robert Morani v. Amtrak_____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See
    local rule 40.1(a)(1)).

    ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,          *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    ☒  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ☐  V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

    N/A

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                              YES ☐       NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
    28 USC §2403)

                                                              YES ☐       NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                              YES ☐       NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                              YES ☐       NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).

                                                              YES ☐       NO ☒

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐          Central Division ☐          Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies, residing in Massachusetts reside?

        Eastern Division ☒          Central Division ☐          Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If
    yes, submit a separate sheet identifying the motions)

                                                              YES ☐       NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __Samuel J. Rosenthal__

ADDRESS __Barish Law Offices, 1601 Cherry St.__

TELEPHONE NO. __Philadelphia, PA 19102__
__215-923-8900__

Ronald M. Davids
Davids & Schlesinger
40 Washington St.
Suite 250
Wellesley, MA 02481
781-416-5055

(Coversheetlocal.wpd - 10/17/02)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Robert J. Morani
436 Meridian Street
Boston, MA 02128

## DEFENDANTS

National Railroad Passenger Corporation, d/b/a & a/k/a Amtrak
253 Summer Street
Boston, MA 02116

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Ronald M. Davids
Davids & Schlesinger
40 Washington Street, Suite 250
Wellesley, MA 02481   781-416-5055

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 6 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 8 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☒ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury — Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Federal Employers Liability Act, 45 USCA §§51, et seq., Federal Safety Appliance Act, 45 USCA §§1, et seq., recodified in 49 USCA §§20301, et seq. and Locomotive Boiler Act, 29 USCA §§ 20701 et seq.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
8/3/04

SIGNATURE OF ATTORNEY OF RECORD
Ronald M. Davids

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____