UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBER J. MORANI,<br>    Plaintiff<br><br>v.<br><br>NATIONAL RAILROAD<br>PASSENGER CORPORATION,<br>    Defendant | )<br>)<br>)<br>)<br>)   C.A. No. 04-11729-DPW<br>)<br>)<br>)<br>) |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)**

Plaintiff, Robert J. Morani and Defendant, National Railroad Passenger Corporation a/k/a, Amtrak, hereby submit the following Joint Statement pursuant to Local Rule 16.1 (D) and Fed.R.Civ.P. 26(b).

JOINT DISCOVERY PLAN

1.    BACKGROUND

**Plaintiff**

The plaintiff, 56 year-old Robert J. Morani, was a train conductor for 34 years. He was employed by the defendant from 1987 until January 13, 2003. On or about December, 2001, Plaintiff began suffering from pain and weakness in his left leg. On March 4, 2002, Plaintiff was diagnosed as suffering left leg pain, numbness and weakness consistent with L5-S1 radiculopathy, which has been attributed to Plaintiff's heavy work as a railroad worker. This work involved, among other things, being forced to use bad switches and walking on poor ballast.

In a Complaint filed on August 5, 2004 pursuant to the Federal Employers Liability Act (FELA), Plaintiff contends that, as a result of unsafe work conditions, he has developed a permanent cumulative trauma of the back forcing him to stop working. Plaintiff's job as a conductor required him to constantly bend and to frequently lift up to 100 pounds while walking on uneven terrain. As a result of his physical condition, the Railroad Retirement Board declared Plaintiff occupationally disabled.

**Defendant**

The plaintiff, who has been collecting a disability retirement from the Railroad Retirement Board (RRB) since September 2, 2002, due to a back condition, hired on

with Amtrak's Commuter Rail Mechanical Department on September 21, 1987. By way of this complaint, he alleges that that the Railroad breached its duty imposed by the Federal Employers Liability Act (FELA) per 45 USC, §51 et seq., by not providing "reasonably safe working conditions". Specifically, he alleges that the Railroad allowed defective switches to remain in use at the Readville (Hyde Park) Yard. As a result of throwing switches (for the time period within the statute of limitations), plaintiff alleges that he developed a cumulative trauma of the back.

Defendant Amtrak denies that it breached its duty of care relative to the plaintiff, and denies that the switches at the Readville Yard were in any way defective. Moreover, the defendant Amtrak expects that the medical evidence will establish the fact that the plaintiff had a long standing degenerative back condition that developed over a period of time, and that is not related to any negligent actions or inactions on the part of the defendant Railroad.

## DOCUMENT DISCOVERY

The parties will complete basic document discovery sufficient to enable them to commence taking deposition by February 28, 2005. Any necessary motions to compel production of documents will be filed promptly. The parties may serve further request for documents, as needed, through April 30, 2005. The parties may also seek discovery of documents in the possession of third parties by initiating such request prior to April 30, 2005.

## DEPOSITIONS

The parties will complete depositions of the party and/or representative by May 30, 2005 and non-party witnesses by June 30, 2005. Each party may notice up to 10 depositions as set forth in Local Rule 26.1(c), without obtaining leave of the Court. Expert witnesses will not be deposed until the depositions of fact witnesses have been completed.

## EXCHANGE OF WITNESS LISTS

The parties will exchange lists of fact witnesses who may be called at trial. Either party may make additions thereafter upon showing good cause.

The parties will each disclose the names of their expert by May 30, 2005. Expert witness reports will be exchanged by the parties on or before July 30, 2005. Either party may depose the other party's experts. Expert depositions will be completed by August 30, 2005.

## MOTIONS SCHEDULE

The parties may file dispositive motions at any time but in no event after August 30, 2005.

## PRE-TRIAL CONFERENCE

The parties anticipate that a final pre-trial conference would be scheduled by the Court for a date in September, 2005.

## CERTIFICATION

The certification required by 16.1(D)(4) have been filed under separate cover.

Parties assent to Trial by Magistrate Judge.

RESPECTFULLY SUBMITTED,

Plaintiff, Robert J. Morani,

Defendant Amtrak,

By his Attorney,

By its Attorney,

*Paul J. Riley* (EPH)
Paul J. Riley, Esquire
Barish Law Offices, P.C.
Three Parkway, Suite 1320
1601 Cherry Street
Philadelphia, PA 19102
(215) 923-8900

*Edward P. Harrington*
Edward P. Harrington
Assistant General Counsel
MBTA Law Department
Ten Park Plaza
Boston, MA 02116

Dated: October 4, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded copies of the foregoing, this day to:

Paul J. Riley, Esquire
Barish Law Offices, P.C.
Three Parkway, Suite 1320
1601 Cherry Street
Philadelphia, PA 19102

*Edward P. Harrington*
Edward P. Harrington
Assistant General Counsel